**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| ROMULUS J. AVOLIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-CV-00296-RWS-JCF |
| | ) | |
| CGL Companies, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**CGL COMPANIES' REPLY IN SUPPORT OF ITS AMENDED MOTION**
**FOR SUMMARY JUDGMENT AND SUPPORTING**
**MEMORANDUM OF LAW**

## I.    INTRODUCTION

In his response to CGL's amended motion for summary judgment, Mr. Avolio

fails to present evidence that would support an inference that Mr. Avolio's

disabilities played any role in his failure to be promoted to plumber or in the

termination of his employment. The undisputed record demonstrates that Mr. Avolio

was not promoted because he applied for the plumber position after someone else

had already been offered the position. Further, the undisputed record is clear that Mr.

Avolio's violations of CGL's security and safety rules led to the termination of his

employment. Ultimately, his actions, not his disabilities, caused his dismissal, and

Mr. Avolio has not presented any evidence sufficient to support a reasonable trier of

fact in finding in his favor. Accordingly, this Court should grant summary judgment to CGL.

## II.    ARGUMENT

### A.    The Court Should Deem CGL's Statement of Facts Admitted Due to Mr. Avolio's Failure to Follow Local Rule 56.1

Despite the leniency often afforded *pro se* litigants, they are not exempt from following the Court's procedural rules. *See Loren* v. *Sasser,* 309 F.3d 1296, 1304 (11th Cir. 2002). Like litigants represented by counsel, *pro se* litigants are expected to follow the Court's local rules regarding summary judgment. When a *pro se* litigant responding to a summary judgment motion does not directly counter a material fact from the movant's Statement of Material Facts with specific evidence citations or fails to raise a valid objection under Local Rule 56.1B(2), that fact is considered admitted. *Williams v. Slack*, 438 F. App'x 848, 849 (11th Cir. 2011)(*unpublished*).[1] Furthermore, at the summary judgment stage, when applying Local Rule 56.1, the district court should discount or ignore evidence presented by the respondent that is unsupported by record citations—that contradict the facts in the movant's statement. *See id*.

In *Williams*, the plaintiff brought a 42 U.S.C. § 1983 action against correctional officers, alleging that they used excessive force against him when he

---

[1] Unpublished opinion, *Williams v. Slack*, is attached hereto as **Exhibit 1**.

2

was in prison. *Id.* at 849. The officers moved for summary judgment, and the district court granted it. *Id.* The plaintiff appealed, arguing that the district court abused its discretion by deeming the defendants' statements of material facts admitted because the plaintiff filed a response. *Id.* On appeal, the Eleventh Circuit upheld the district court's ruling in favor of the correctional officers, awarding summary judgment. The decision was based on the fact that the plaintiff's response to the summary judgment response failed to provide individually numbered, concise, and non-argumentative responses corresponding to each of the movant's enumerated material facts. Additionally, the response failed to directly dispute the material facts as presented in the movants' statements of material facts with specific citations to supporting evidence. *Id.* at 850.

Like the plaintiff in *Williams*, Mr. Avolio has failed to comply with Local Rule N.D. Ga. R. 56.1(B)(2). He has neither responded to CGL's statement of facts nor submitted his own statement of additional facts, citing the record for the additional facts included in his response. In fact, Mr. Avolio has failed to cite to the record at all to support the facts asserted in his response. Therefore, like the *Williams* court, this Court should disregard the purported evidence presented by Mr. Avolio, which he has not supported with record citations, and otherwise find that CGL's statement of material facts is deemed admitted because it has not been opposed with citations to the record.

**B.    Mr. Avolio Has Not Demonstrated a Causal Link Between His Disabilities and His Lack of Promotion**

Even if we assume, for argument's sake, that Mr. Avolio interviewed for the plumbing position, the record, taken as a whole, would not support an inference that Mr. Avolio's disabilities were the but-for cause of his failure to be promoted. Accordingly, the Court should grant CGL summary judgment on Avolio's failure-to-promote claims.

The record demonstrates that Mr. Avolio applied for the plumbing position after it had already been offered to Stephane Beamus, meaning Mr. Avolio's interview would have occurred pending Mr. Beamus' acceptance of the position. (*See* ECF 40-1, Def's SOF 6, 9). More importantly, Mr. Beamus was offered the position because CGL believed he was qualified based on his interview and resume. (*See id*. at 6). Mr. Beamus was a licensed plumber who interviewed well for the position. (*See id*. at 6-7). Furthermore, the record demonstrates that the Forsyth County Jail, which contracts with CGL to maintain its facilities, was displeased that Mr. Avolio returned county jail keys late on multiple occasions. (*See id*. at 28; *see also* ECF 42-10).

Taking the full record into account, Mr. Avolio has failed to present evidence showing that no reasonable person, in the exercise of impartial judgment, could have chosen Mr. Beamus over Mr. Avolio for the plumbing position but for his disability. *See Carroll v. Off. Depot, Inc*., 62 F. Supp. 3d 1282, 1289 (N.D. Ala. 2014)(finding

that absent evidence suggesting no reasonable person could not have promoted plaintiff in contrast to the person hired for the position, plaintiff's argument that he was more qualified for the position does not create a material factual dispute). Rather, the record shows that Mr. Avolio failed to apply for the position in a timely manner and that Mr. Beamus was a qualified applicant for the position. Accordingly, this Court should find that Mr. Avolio has failed to present a convincing mosaic of evidence from which a jury could infer that his disabilities were a but-for cause of his failure to be promoted to plumber.

### C.    Mr. Avolio Fails to Produce Evidence That He Was Treated Worse Than His Proposed Comparators

Mr. Avolio argues that he was treated worse than his comparators because he was terminated after losing the mechanical key set for the Forsyth County Jail. (*See* ECF 51, Pl. Resp. to Def. Am. Mot. Sum. J. 4-5). However, the record demonstrates that Mr. Avolio had a reputation at the Forsyth County Jail for returning keys late, and he neither disputes this fact nor alleges that his proposed comparators had established a similar reputation.

In the instances before the June 21, 2024, incident involving the Forsyth County Jail's mechanical key set, in which Mr. Avolio returned county jail keys late, he was not terminated or disciplined, meaning that he was treated just like his proposed comparators. (*See* ECF 40-1, Def. SOF 24). However, unlike his proposed

5

comparators, Mr. Avolio had multiple instances of returning Forsyth County Jail keys late. (*See id*. at 20-23; *see also*, ECF 42-10). More importantly, in the June 2024 incident that led to Mr. Avolio's termination, he misplaced multiple jail keys and was unable to locate them or return them to the jail, which is a substantially more serious violation than those committed by his comparators and more serious than Mr. Avolio's own past violations. (*Compare* ECF 40-1, Def. SOF 20-24 *with* SOF 25-29).

Mr. Avolio's position is similar to the position taken by the plaintiff in *Moore v. Verizon Wireless (VAW), LLC*, No. 5:14-CV-02230-SGC, 2017 WL 1196959. In *Moore*, the plaintiff, a customer service agent, sued their employer, alleging, in part, that she was terminated because of her disability. *Id*. at *1. The defendant argued that the plaintiff was terminated for being rude to a customer and hanging up on them. *Id*. at *4. In response, the plaintiff offered evidence of employees who hung up on customers but were not terminated, although she conceded that the defendant's policies stated that employees could be terminated for hanging up on a customer. *Id*. However, the Court found that the record demonstrated that the plaintiff was not subject to a more stringent policy because she was given more than one chance after being rude to a customer before being terminated. *Id*. at *9. As a result, the Court held that the plaintiff failed to raise a factual dispute as to whether her proposed

comparators were treated better, and thus failed to raise a factual dispute that her disability was the cause of her termination. *Id*. at *9.

As in *Moore*, the record here shows that Mr. Avolio was given multiple opportunities to return the Forsyth County Jail keys late without punishment before the incident that ultimately led to his termination. As a result, this Court should find that he has failed to raise a genuine issue of fact as to whether his proposed comparators were treated better than him.

> **D.      Mr. Avolio Fails to Demonstrate a Causal Connection Between His Disabilities and Termination**

The period between CGL's knowledge of Mr. Avolio's ADHD and Facioscapulohumeral Muscular Dystrophy (FSHD) and the termination of his employment is too attenuated to establish an inference of causation. CGL has known about Mr. Avolio's ADHD since August 2023 and has been aware of his FSHD condition since early 2024. (ECF 40-1, Def. SOF 3; *see also*, ECF 42-13, Pl. Resp. to Def. Interrogatory No. 14). When CGL was made aware of Mr. Avolio's FSHD, he encountered no issues working with Josh Robinson and his coworkers to accommodate his condition. (*See* ECF 42-13, Pl. Resp. to Def. Interrogatory No. 14). Six months later, after losing the mechanical key set for the Forsyth County Jail on June 21, 2024, Mr. Avolio was terminated. The six-month period between CGL's knowledge of Mr. Avolio's FSHD and his termination is not proximate enough to create a jury issue on causation. *See Hughes v. Wal-Mart Stores E., LP*, 846 F. App'x

854, 858 (11th Cir. 2021)(finding that the plaintiff could not rely on temporal proximity to create a jury issue on causation because she was suspended six months after making her EEOC complaint).

More importantly, Mr. Avolio has not presented a convincing mosaic of evidence to create a jury issue of causation based on CGL's knowledge of his disabilities and the termination of his employment. Mr. Avolio appears to argue that because CGL knew of the FSHD condition, which required accommodation, he must have been terminated because of it. (*See* ECF 51, Pl. Resp. to Def. Am. Mot. Sum. J. 6-7). However, CGL does not dispute that Mr. Avolio's condition required accommodation; in fact, Mr. Avolio admits that his supervisor and coworkers worked with him to accommodate it. (*See* ECF 42-13, Pl. Resp. to Def. Interrogatory No. 14). Considering CGL's willingness to accommodate his condition, the period from when CGL became aware of his condition to his termination, along with the intervening incident in which Mr. Avolio lost the Forsyth County Jail mechanical key set, the overall record does not reasonably support the conclusion that Mr. Avolio's FSHD was the actual reason for his termination. Instead, the record demonstrates that the intervening incident of Mr. Avolio losing the Forsyth County Jail mechanical key set caused his termination. Therefore, this Court should find that Mr. Avolio has failed to present a factual dispute regarding his termination for a jury to resolve.

## III.    CONCLUSION

Mr. Avolio has not provided any record-supported evidence to counter CGL's proof showing that there was no discriminatory intent behind the decision not to promote him to plumber or the decision to terminate his employment for losing the Forsyth County Jail mechanical key set. Thus, for the reasons stated above and in Defendant's Amended Motion for Summary Judgment, CGL respectfully requests that its Amended Motion for Summary Judgment be granted, that summary judgment be entered in favor of CGL on all claims for relief, and for any further relief the Court deems just and proper.

Respectfully submitted this 29th day of April 2026

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

*/s/ Laura Balson*
Laura Balson
(admitted pro hac vice)
lbalson@constangy.com
20 N. Wacker Drive Ste. 4120
Chicago, IL 60606
Telephone: (773) 661-4710

*/s/ Darrick L. McDuffie*
Darrick L. McDuffie
Georgia Bar No. 490248
dmcduffie@constangy.com
230 Peachtree Street, N.W.,
Suite 2400
Atlanta, Georgia 30303-1557
Telephone: (404) 525-8622
Facsimile: (404) 525-6955

*Attorneys for Defendant*

9

## CERTIFICATION OF COMPLIANCE

Pursuant to Local Rule 7.1, the undersigned counsel hereby certifies that this document has been prepared with one of the fonts and point selections approved by the Court in Local Rule 5.1.

This 29th day of April 2026.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

*/s/ Laura Balson*
Laura Balson
(admitted pro hac vice)
lbalson@constangy.com
20 N. Wacker Drive Ste. 4120
Chicago, IL 60606
Telephone: (773) 661-4710

*/s/ Darrick L. McDuffie*
Darrick L. McDuffie
Georgia Bar No. 490248
dmcduffie@constangy.com
230 Peachtree Street, N.W.,
Suite 2400
Atlanta, Georgia 30303-1557
Telephone: (404) 525-8622
Facsimile: (404) 525-6955

*Attorneys for Defendant*

10

## CERTIFICATE OF SERVICE

This is to certify that I have, on this date, filed the foregoing CGL COMPANIES' REPLY IN SUPPORT OF ITS AMENDED MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW with the Clerk of Court using the CM/ECF system and served Plaintiff via email and U.S. Mail, postage prepaid, addressed to:

Romulus J. Avolio
4964 Miller Lake Rd.
Gainesville, GA 30507
jmra.hasbeen@gmail.com

This 29th day of April 2026.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

*/s/ Laura Balson*
Laura Balson
(admitted pro hac vice)
lbalson@constangy.com
20 N. Wacker Drive Ste. 4120
Chicago, IL 60606
Telephone: (773) 661-4710

*/s/ Darrick L. McDuffie*
Darrick L. McDuffie
Georgia Bar No. 490248
dmcduffie@constangy.com
230 Peachtree Street, N.W.,
Suite 2400
Atlanta, Georgia 30303-1557
Telephone: (404) 525-8622
Facsimile: (404) 525-6955

*Attorneys for Defendant*

# EXHIBIT 1

🚩 KeyCite Yellow Flag

Distinguished by Bank of the Ozarks v. Kingsland Hospitality, LLC, S.D.Ga., October 5, 2012

438 Fed.Appx. 848

This case was not selected for publication in West's Federal Reporter. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also U.S. Ct. of App. 11th Cir. Rule 36-2.

United States Court of Appeals, Eleventh Circuit.

Eric Raymond WILLIAMS, Plaintiff–Appellant,

v.

A. SLACK, Correctional Officer II, J. Carr, Correctional Officer II, Sgt. Jackson, C.O. II McCord, C.O. I Jones, Defendants–Appellees.

No. 10–13201
|
Non–Argument Calendar
|
Aug. 23, 2011.

**Synopsis**

**Background:** Prisoner brought § 1983 action against correctional officers, alleging that they used excessive force. The United States District Court for the Northern District of Georgia, 2010 WL 2545809, entered summary judgment for officers. Prisoner appealed.

**Holdings:** The Court of Appeals held that:

[1] District Court did not abuse its discretion in applying local rule to deem officers' statements of material facts admitted, and

[2] officers did not act maliciously or sadistically to harm prisoner, and thus did not use excessive force.

Affirmed.

**Procedural Posture(s):** On Appeal.

West Headnotes (2)

**[1]** **Summary Judgment** ⛌ Statement of facts

District court did not abuse its discretion in applying local rule to deem correctional officers' statements of material facts as admitted by prisoner in § 1983 action, where prisoner's response to officers' motions for summary judgment did not contain individually numbered, concise, non-argumentative responses corresponding to each of officers' enumerated material facts, response did not directly refute material facts set forth in officers' statements of material facts with specific citations to evidence, and response otherwise failed to state valid objection to material facts. 42 U.S.C.A. § 1983;

U.S.Dist.Ct.Rules N.D. Ga., Local Rule 56.1 .

141 Cases that cite this headnote
More cases on this issue

[2]    **Prisons** 👈 Use of force
**Prisons** 👈 Shackles or other restraints
**Sentencing and Punishment** 👈 Use of force

Correctional officers did not act maliciously or sadistically to harm prisoner, and thus did not use excessive force in violation of Eighth Amendment, where prisoner created disturbance by rushing at officer, force used including handcuffs was proportionate to need for that force, prisoner suffered relatively minor injuries consisting of abrasions and swelling, officers reasonably perceived that situation in dormitory where altercation took place was becoming dangerous and volatile, and officers acted to temper use of force. U.S.C.A. Const.Amend. 8.

15 Cases that cite this headnote

**Attorneys and Law Firms**

**\*848** Valdosta SP Warden, Valdosta, GA, for Plaintiff–Appellant.

Eric Raymond Williams, Alamo, GA, pro se.

Matthew F. Boyer, Samuel Scott Olens, Devon Orland, Kathleen M. Pacious, Office of the Attorney General, **\*849** Vincent A. Toreno, D. Michael Williams, Rutherford & Christie, LLP, Matthew Richard Lavallee, Daley Koster & Lavallee, LLC, Atlanta, GA, for Defendants–Appellees.

Appeal from the United States District Court for the Northern District of Georgia. D.C. Docket No. 1:08–cv–02920–TCB.

Before HULL, PRYOR and ANDERSON, Circuit Judges.

**Opinion**

PER CURIAM:

Eric Raymond Williams appeals the district court's grants of summary judgment to Officers Arzialous Slack, Joseph Jones, Eric Jackson, Jeremiah Carr, and Joseph McCard on his 42 U.S.C. § 1983 complaint alleging that they used excessive force against him in violation of the Eighth Amendment. On appeal, Williams contends that the district court abused its discretion by deeming the defendants' statements of material facts admitted because he filed a response and objection to the defendants'

motions for summary judgment. Williams also argues that the district court erred by then granting the officers' motions for summary judgment because there were genuine issues of material fact regarding the officers' alleged use of excessive force. We address each argument in turn.

I. *Northern District of Georgia Local Rule 56.1*

We review a district court's application of its local rules for an abuse of discretion, finding such abuse only when the plaintiff demonstrates that the district court made a clear error of judgment. *Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1302 (11th Cir.2009).

Federal Rule of Civil Procedure 56 requires a party asserting that a fact is genuinely disputed to support his assertion by citing to specific materials in the record, and a failure to do so allows the district court to consider the facts as undisputed for purposes of the motion for summary judgment. Fed.R.Civ.P. 56(c)(1)(A), (e)(2). Similarly, Northern District of Georgia Local Rule 56.1 "demands that the non-movant's response [to a motion for summary judgment] contain individually numbered, concise, non-argumentative responses corresponding to each of the movant's enumerated material facts." *Mann,* 588 F.3d at 1302–03 (holding that plaintiffs' response failed to comply with local rule 56.1 because it was "convoluted, argumentative, and non-responsive"); *see also* N.D. Ga. R. 56.1(B)(2)(a).

> Where the party responding to a summary judgment motion does not directly refute a material fact set forth in the movant's Statement of Material Facts with specific citations to evidence, or otherwise fails to state a valid objection to the material fact pursuant to Local Rule 56.1B(2), such fact is deemed admitted by the respondent.

*Mann,* 588 F.3d at 1302.

In applying Local Rule 56.1 at the summary judgment stage, the district court should "disregard or ignore evidence relied on by the respondent—but not cited in its response to the movant's statement of undisputed facts—that yields facts contrary to those listed in the movant's statement." *Reese v. Herbert,* 527 F.3d 1253, 1268 (11th Cir.2008). A Local Rule 56.1 statement, however, "is not itself a vehicle for making factual assertions that are otherwise unsupported in the record," and, therefore, we must still review the materials submitted by the movant "to determine if there is, indeed, no genuine issue of material fact." *Id.* at 1303 (quotation omitted).

Additionally, although the Supreme Court has "insisted that the pleadings prepared by prisoners who do not have access **\*850** to counsel be liberally construed," the Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without

counsel." *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

 **[1]**   In this case, Williams has failed to demonstrate that the district court made a clear error of judgment in applying Local Rule 56.1 to deem the defendants' statements of material facts as admitted. Local Rule 56.1 is an ordinary procedural rule of civil litigation that we do not interpret "so as to excuse mistakes by those who proceed without counsel." *McNeil,* 508 U.S. at 113, 113 S.Ct. at 1984. Williams's response to the motions for summary judgment did not "contain individually numbered, concise, non-argumentative responses corresponding to each of the movant's enumerated material facts." *Mann,* 588 F.3d at 1302. Neither did the response directly refute the material facts set forth in the movants' statements of material facts with specific citations to evidence, and it otherwise failed to state a valid objection to the material facts.

II. *Motion for Summary Judgment*

We review a district court's grant of summary judgment *de novo,* considering the facts and drawing reasonable inferences in the light most favorable to the non-moving party. *Mann,* 588 F.3d at 1303. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

"[G]enuine disputes of facts are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant." *Mann,* 588 F.3d at 1303 (quotation omitted). "For factual issues to be considered genuine, they must have a real basis in the record." *Id.* (quotation omitted).

The use of force in a custodial setting does not violate the Eighth Amendment "as long as it is applied in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm." *Skrtich v. Thornton,* 280 F.3d 1295, 1300 (11th Cir.2002) (quotation and alteration omitted). To determine whether force was applied maliciously and sadistically to cause harm, we consider: (1) the need for the application of force, (2) the relationship between that need and the amount of force used, (3) the extent of the prisoner's injuries, (4) the threat reasonably perceived by the officials, and (5) efforts made to temper the severity of the force. *Cockrell v. Sparks,* 510 F.3d 1307, 1311 (11th Cir.2007). In considering these factors, we give "a wide range of deference to prison officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance." *Id.* (quotations and alteration omitted).

 **[2]**   We affirm the district court's grant of summary judgment to Officer Jackson because Williams concedes, and the evidence demonstrates, that he was not on duty on the date of the incident, and,

therefore, did not participate in the events giving rise to Williams's complaint. We also conclude that the district court did not err in granting the remaining defendants' motions for summary judgment because the undisputed evidence demonstrates that they did not act maliciously or sadistically to harm Williams. Instead, the officers acted to restore order and preserve discipline at the scene of a disturbance.

First, the admitted evidence established that Williams created a disturbance, and "[p]rison guards may use force when necessary to restore order and need not wait **\*851** until disturbances reach dangerous proportions before responding." *Cockrell,* 510 F.3d at 1311 (quotation omitted). Taking the evidence as elucidated in the defendants' statement of material facts, the altercation occurred because Williams rushed at Officer Slack and engaged in a physical altercation with him. The other inmates who were roaming the prison dormitory became agitated and raucous and began threatening the officers when Williams and Slack began to tussle. Thus, there was a need for force to restrain Williams and to remove Williams from the volatile situation in the dormitory. *See Cockrell,* 510 F.3d at 1311.

Second, the force that the officers employed was proportionate to the need for that force. *See id.* The officers restrained Williams and acted to expeditiously remove him from the dormitory. Accordingly, they handcuffed him, placed him in leg restraints, carried him down the stairs, and then pulled

him outside of the dormitory. Officer Jones concedes that his knee might have contacted Williams while Jones was attempting to handcuff him. However, he states that he did not knee Williams in the side for the purpose of causing him harm, and this statement was deemed admitted pursuant to Local Rule 56.1. Thus, even if Officer Jones's knee hit Williams in the side three times during the altercation, such impacts alone do not prove that Officer Jones's actions were malicious or sadistic.

Furthermore, Williams's assertions that he was beaten in the back of the head by numerous officers, thrown down the stairs, and stomped on the knee by Officer McCard, are blatantly contradicted by the defendants' statements of material facts, and the district court, therefore, properly disregarded them. *See Reese,* 527 F.3d at 1268. The properly considered evidence indicates, instead, that Williams was restrained and then accidentally dropped on the stairs because the altercation aggravated a preexisting injury in Officer Slack's hand and because Williams was "bucking."

On appeal, Williams contends that he never posed a threat to the officers' safety or to his own safety. However, Williams's assertion mischaracterizes the nature of the threat to the officers and to Williams. As Officer Carr stated in his declaration, it was necessary to remove Williams from the dormitory as quickly as possible because both the officers and Williams were vulnerable to attack from other

inmates while Williams was restrained. This Court gives great deference to prison officials acting to preserve discipline and security, especially when they make decisions at the scene of a disturbance, and thus the amount of force used was proportionate to the need for force. *See Cockrell,* 510 F.3d at 1311.

Third, Williams suffered relatively minor injuries consisting of abrasions and swelling. The minimal nature of those injuries indicates that the officers did not use force maliciously and sadistically to harm Williams. *See Cockrell,* 510 F.3d at 1311. Although Williams alleged that his ribs were fractured, that contention is not supported by the evidence. Furthermore, contrary to Williams's assertions, there is no reason to believe that only an orthopedic specialist could identify a fracture from an x-ray that a radiologist could not.

Fourth, given that were approximately 50 inmates freely roaming the dormitory at the time of the altercation, and those inmates began to yell and threaten the officers, the defendants reasonably perceived that the situation in the dormitory was becoming dangerous and volatile. Thus, the undisputed evidence indicates that the officers' use of force was in response to the dangerous and volatile situation **\*852** that they perceived. *See Cockrell,* 510 F.3d at 1311.

Fifth, the undisputed evidence indicates that the officers acted to temper the use of their force. It is undisputed

that the officers placed handcuffs and leg restraints on Williams rather than using more forceful methods of restraint. *See, e.g., Campbell v. Sikes,* 169 F.3d 1353, 1376–78 (11th Cir.1999) (upholding officials' use of an "L" shaped restraint for "hog-tying" in addition to a straightjacket). Additionally, the officers verbally instructed Williams to stop "bucking," but he did not comply. Further, as discussed above, the undisputed evidence contradicts Williams's allegations of being punched and kicked in the head and back by numerous officers and then thrown down nine steps. Accordingly, even if the officers could have used alternative methods to achieve their goal of restraining and transporting Williams quickly, the evidence fails to demonstrate that they chose their course of conduct to maliciously or sadistically inflict harm on Williams. *See Cockrell,* 510 F.3d at 1311.

Finally, based on our holding that the defendants were entitled to summary judgment, we need not consider their arguments that they were entitled to qualified immunity. Therefore, upon review of the record and consideration of the parties' briefs, we affirm the district court's grant of summary judgment to the defendants.

**AFFIRMED.**

**All Citations**

438 Fed.Appx. 848

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.